WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamra Jolley,<br><br>      Plaintiff,<br><br>v.<br><br>Carolyn W Colvin,<br><br>      Defendant. | No. CV-12-02447-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Tamra Jolley ("Plaintiff")'s motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 40). The Court now rules on the motion.

**I.  Background**

On October 6, 2010, an Administrative Law Judge ("ALJ") denied Plaintiff's request for social security benefits. (Docs. 1 at 2; 9 at 2). The Social Security Appeals Council denied review of the ALJ's decision on September 24, 2012. (Docs. 1 at 2; 9 at 2). After exhausting her administrative appeals, Plaintiff filed this lawsuit seeking judicial review of the ALJ's decision. (Docs. 1 at 2; 9 at 2). On appeal, Defendant conceded error and asked this Court to remand to the agency for further proceedings. (Docs. 17, 18). Plaintiff opposed the motion, instead seeking a remand for an immediate award of benefits. (Doc. 21). After ordering additional briefing, the Court granted Defendant's motion to remand the claim for further proceedings. (Doc. 32 at 11). After additional proceedings, the ALJ determined that Plaintiff is disabled. (Doc. 40-1 at 2–6).

On May 30, 2014, Plaintiff moved for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). (Doc. 34). On August 27, 2015, the Court awarded Plaintiff her requested attorneys' fees and costs pursuant to the EAJA. (Doc. 39). On October 19, 2015, Plaintiff filed the pending motion for attorneys' fees under § 406(b). (Doc. 40).

**II.    Analysis**

Section 406(b) provides that whenever the Court renders a favorable judgment to a social security claimant, the Court can award reasonable attorneys' fees for representation of the claimant. § 406(b)(1)(A). The reasonable fee cannot exceed twenty-five percent of the total past-due benefits awarded to the claimant. *Id.* The fee is payable out of, and not in addition to, the amount of the past-due benefits. *Id.* Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). To that end, "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Therefore, the Court must ensure the fee is 1) reasonable, and 2) limited to 25 percent of past-due benefits. *Id.*

Moreover, the Court must be sure to "respect the primacy of lawful attorney-client fee agreements." *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir. 2009) (en banc) (internal quotations omitted). While reviewing this agreement, the Court must still test the resulting award for reasonableness. *Id.* at 1149. In other words, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* at 1151. When determining reasonableness, the Court should consider the following non-exhaustive factors: the character of the representation, the results achieved, performance, delay, whether the benefits were proportionate to the time spent on the case,

and, as an aid if necessary, the lodestar calculation. *Id.*

Plaintiff and her counsel had a contingent-fee agreement in this case typical of fee agreements in disability benefit cases. Specifically, the contingent-fee agreement provides that "attorney fees for Federal Court work will be equal to the greater of 1) 25% of all past due benefits including benefits payable to spouse, children, and others, without regard to the maximum statutory allowance . . . or 2) fees awarded pursuant to the [EAJA] . . . ." (Doc. 40-1 at 9). Plaintiff was awarded $124,386.00 in past due benefits. (*Id.* at 1–4). Twenty-five percent of this award is $31,096.50. (*Id.*) Plaintiff's counsel requested the full twenty-five percent amount, (Doc. 40 at 14), which the Government does not oppose, (Doc. 41)

Given the factors outlined in *Crawford*, the Court finds the contingent-fee agreement in this case to be reasonable, and thus, will award Plaintiff's counsel attorneys' fees in the amount of $31,096.50 pursuant to § 406(b). *See* 586 F.3d at 1151. Because Plaintiff was also awarded EAJA fees, (Doc. 39), Plaintiff's counsel must refund the lesser of these two fee awards to Plaintiff, *see Gisbrecht*, 535 U.S. at 796.

**III.   Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 40) is **GRANTED** in the amount of $31,096.50.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must refund the lesser of the EAJA fee award and the § 406(b) fee award to Plaintiff.

Dated this 5th day of July, 2016.

James A. Teilborg
Senior United States District Judge